IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JUDY HUFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:11CV347-SRW |
| | ) | (WO) |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION**

Plaintiff Judy Huff brings this action seeking judicial review of a decision by the

Commissioner of Social Security ("Commissioner") denying her applications for a period of

disability and disability insurance benefits and for disabled widow's benefits under Title II

of the Social Security Act. The parties have consented to entry of final judgment by the

Magistrate Judge, pursuant to 28 U.S.C. § 636(c). (Doc. ## 9, 10). Upon review of the

record and briefs submitted by the parties, the court concludes that the decision of the

Commissioner is due to be reversed.

**BACKGROUND**

Plaintiff filed the present applications for benefits on November 6, 2007, alleging

disability beginning September 20, 2006, due to "diabetes, high blood pressure, arthritis,

tumor on left ankle, [and] neck surgery." (Exhibits 1A, 2A, 1E, 2E). She also reported

receiving treatment since May 2007 at "The Pastoral Institute, Inc." for depression. (R. 111-

12).  Plaintiff's applications were denied at the initial administrative level in February 2008

(Exhibits 3B, 5B), and plaintiff requested review by an administrative law judge (Exhibit

6B).  The ALJ held an administrative hearing on May 27, 2009, during which he heard

testimony from the plaintiff.  (R. 34-47).  In a decision he rendered on January 14, 2010, the

ALJ found that plaintiff suffers from the severe impairments of diabetes mellitus,

osteoarthritis, hypertension, and depression and a non-severe impairment of hyperlipidemia.

He concluded that she did not have an impairment or combination of impairments that met

or medically equaled a listing.  He found that she retained the residual functional capacity

for light work exertionally, but that she is limited to unskilled work and cannot climb ladders,

ropes, or scaffolds or have concentrated exposure to vibration and hazards such as dangerous

machinery or heights.  He further determined that plaintiff's residual functional capacity does

not preclude the performance of her past relevant work as a cashier, as that work is

performed generally in the national economy.  Therefore, the ALJ concluded that plaintiff

was not under a disability as defined by the Social Security Act between her alleged onset

date and the date of his decision.  (R. 16-26).  The Appeals Council denied plaintiff's request

for review of the ALJ's decision on March 23, 2011. (R. 1-3).

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed.  The

court does not reweigh the evidence or substitute its judgment for that of the Commissioner.

Rather, the court examines the administrative decision and scrutinizes the record as a whole

to determine whether substantial evidence supports the ALJ's factual findings.  <u>Davis v. Shalala</u>, 985 F.2d 528, 531 (11th Cir. 1993); <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991).  Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion."  <u>Cornelius</u>, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court.  The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied.  <u>Davis</u>, 985 F.2d at 531.  If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed.  <u>Cornelius</u>, 936 F.2d at 1145-46.

## DISCUSSION

Plaintiff's argument before this court relates solely to the ALJ's treatment of her work-related mental limitations; she does not allege error as to the ALJ's assessment of her exertional capacity.  (<u>See</u> Plaintiff's brief, Doc. # 14, p. 3).  The documentary evidence pertaining to plaintiff's mental functioning includes: (1) an intake report and progress notes for plaintiff's counseling sessions with a licensed professional counselor, W. Stephen Sabom, at Pastoral Institute Counseling Center in May, June, October and November of 2007 (Exhibit 10F); (2) a mental RFC form completed by Sabom in February 2008 (Exhibit 16F)[1]; (3) the report of a consultative psychological examination conducted by Scott Jay Stewart,

---

[1]  Plaintiff alleges no error as to the ALJ's conclusion that Sabom's opinion is entitled to little weight.  (<u>See</u> R. 26; Doc. # 14).

Ph.D., on January 18, 2008 (Exhibit 13F); and (4) psychiatric review technique and mental

RFC forms completed by state agency non-examining psychologist Guendalina Ravello,

Ph.D., on January 23, 2008 (Exhibits 18F and 19F).

With regard to the limiting effects of plaintiff's depression, the ALJ reasoned, in part,

as follows:

> Even though Dr. Stewart reported that the claimant's concentration was poor, he determined that she had the ability to understand basic directions, sustain the attention necessary for repetitive tasks, and had interpersonal skills sufficient to work with coworkers (Exhibit 13F, pages 2 and 3).  Similarly, state agency consultant Guendalina Ravello, Ph.D. opined in a consultative report dated January 23, 2008, that the claimant had moderate limitations in concentration and the ability to complete a normal workday without interruption from psychological based symptoms.  *Even so, Dr. Ravello reported that the claimant had sufficient concentration to perform simple tasks, and tolerate ordinary work pressures, but should avoid excessive workloads, quick decision making, rapid changes, and multiple demands. These conditions are consistent with the claimant's residual functional capacity for light unskilled work.*  Although Dr. Stewart opined that due to the claimant's losses and physical problems her prognosis was guarded for a favorable outcome in the next six to twelve months from January 2008, the evidence shows that by 2009, the claimant (Exhibit 13F, page 3).[2]  There is no evidence that the claimant reported any worsening of her psychological symptoms after she was evaluated by Dr. Stewart (Exhibit 8E).[3]  The undersigned gives significant weight to the opinions of Drs. Stewart and Ravello as they are familiar with agency disability requirements, and their opinions are consistent with the evidence of the record when viewed as a whole.

---

[2] The incomplete sentence is as written in the ALJ's decision (R. 24); the citation is to the final page of Dr. Stewart's January 2008 report (R. 279).

[3] Exhibit 8E is a report of contact regarding plaintiff's work history ("WK HX"), including her duties and the physical requirements of her cashier job.  (Exhibit 8E, R. 150).

(R. 24)(emphasis added).[4]

Plaintiff contends that there is no evidentiary support for the ALJ's conclusion that limiting plaintiff to unskilled work adequately accounts for the four particular restrictions set forth by Dr. Ravello – *i.e.*, that plaintiff "should avoid: excessive workloads, quick decision making, rapid changes and multiple demands"[5] – or the ALJ's resulting conclusion that plaintiff's past relevant work as a cashier, as that work is performed in the national economy, is not precluded by these limitations. (Doc. # 14, pp. 8-13). The Commissioner argues that "both [Drs. Stewart and Ravello] concluded that Plaintiff could perform unskilled work[.]" (Commissioner's brief, Doc. # 17, p. 8). If either doctor had concluded expressly that plaintiff can perform unskilled work, without further mental limitations, plaintiff's contention clearly would lack merit. However, neither Dr. Stewart nor Dr. Ravello drew this conclusion. Dr. Stewart concluded that plaintiff "appears to have the interpersonal skills required to relate to others in a work setting. The claimant seems able to sustain the attention needed to do repetitive tasks. However, her concentration was poor." (R. 279). Dr. Ravello concluded: "Clmt should be able to concentrate and attend to simple tasks for 2 hours and

---

[4] Plaintiff does not challenge the ALJ's decision to accord "little weight" to Dr. Sabom's mental RFC form. (R. 25; see Plaintiff's brief, Doc. # 14, p. 4).

[5] The ALJ gave Dr. Ravello's opinion "significant weight" (R. 24), and the Commissioner agrees that "the ALJ implicitly found that the additional restrictions articulated by Dr. Ravello did not preclude Plaintiff from performing the requirements of unskilled work." (Doc. #17, p. 9). To the extent that the Commissioner contends that the evidence of record does not support the mental limitations stated by Dr. Ravello and "implicitly found" by the ALJ not to preclude unskilled work (see id. at p. 6), the contention is irrelevant. The ALJ did not reject these limitations, either explicitly or implicitly. Thus, the court has no occasion to evaluate whether the record might have supported a conclusion that plaintiff does not have the additional limitations indicated by Dr. Ravello.

will need all customary rests and breaks.  Claimant could tolerate ordinary work pressures but should avoid: excessive workloads, quick decision making, rapid changes and multiple demands."  (R. 332).

The Commissioner defines unskilled work as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time" (20 C.F.R. § 404.1568(a)), usually within thirty days or less (see id.; SSR 82-41).  Both parties point to the Commissioner's regulation that lists examples of the basic work activities required to do most jobs, including the mental functions of: understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting.  (See 20 C.F.R. § 404.1521(b); Plaintiff's brief, p. 9; Commissioner's brief, p. 8). The Commissioner asserts that the opinions of Drs. Stewart and Ravello support the ALJ's conclusion that plaintiff can perform these basic work functions (Doc. # 17, p. 8), while plaintiff contends that it is unclear whether the four restrictions indicated by Dr. Ravello cause "a substantial loss in one's ability to perform any one of the basic work demands that are common to all unskilled work" (Doc. # 14, pp. 9-10).

As plaintiff argues, "[t]he ALJ made no attempt to explain his assertion" that the limitation to unskilled work is consistent with the four additional restrictions identified by Dr. Ravello.  (Doc. # 14, p. 12; R. 24).  The ALJ's failure to do so hampers review of his residual functional capacity finding; the court is unable to discern the ALJ's rationale for concluding that a limitation to unskilled work accounts for the limitations set forth by Dr.

Ravello.  The court has found no evidence of record suggesting that a claimant who should

avoid "multiple demands," for instance, can nevertheless perform the mental demands of

unskilled work without further limitation, and the Commissioner's definition of unskilled

work – *i.e.*, work which needs little or no judgment to do simple duties that can be learned

on the job in a short period of time – does not indicate that unskilled work necessarily

includes only those jobs without multiple demands.  The evidence cited by the Commissioner

(see Doc. # 17, p. 8, citing the opinions of Drs. Stewart and Ravello) does not answer the

question of whether a limitation to "unskilled work" encompasses and accounts for the

additional Ravello restrictions.  Accordingly, the court is unable to conclude that the ALJ's

RFC finding is supported by substantial evidence.

The Commissioner argues that "[a]lthough Dr. Ravello additionally indicated that

Plaintiff should avoid excessive workloads, quick decision making, rapid changes, and

multiple demands (Tr. 332), Plaintiff has failed to show that her unskilled past relevant work

as a cashier required such extraordinary activities." (Doc. # 17, p. 8)(citing plaintiff's

testimony regarding the demands of her job as she actually performed it). This argument goes

to the second part of the analysis at step four.  However, at step four of the sequential

analysis, the ALJ is tasked with determining the claimant's RFC *before* the ALJ compares

that RFC with the physical and mental demands of the claimant's past relevant work.

20 C.F.R. § 404.1520(a)(4)(iv), (e), and (f).  As noted above, the ALJ accepted Dr. Ravello's

additional limitations but concluded that they are "consistent with the claimant's residual

functional capacity for light unskilled work." (R. 24).  Since the court has found no

substantial evidentiary support for this conclusion, it does not reach the parties' arguments regarding the ALJ's comparison of his RFC finding with the demands of plaintiff's past relevant work.  To the extent that the Commissioner's argument implies that the ALJ's error in assessing plaintiff's RFC is harmless – *i.e.*, that even if the ALJ had included the additional Ravello restrictions in the RFC *in addition to* the limitation to unskilled work, those additional limitations would not preclude plaintiff's past relevant work – the court cannot agree.  First, as plaintiff notes, the ALJ made no finding regarding whether plaintiff could perform her past relevant work as she actually performed it.  (R. 25; Doc. # 19-1).[6] Additionally, it is not clear from the ALJ's decision that he actually considered the DOT description of the demands of plaintiff's past relevant work as it is performed generally in the national economy.  The Commissioner argues, "Although the Plaintiff faults the ALJ for noting the vocational summary of E. Ann Anderson, a disability examiner ..., that contention has no merit.  *The ALJ noted only that the summary contained the Dictionary of Occupational Titles description for Plaintiff's past relevant work as a cashier*, and the ALJ could reasonably rely on [the] description in finding Plaintiff could perform her past relevant work." (Doc. # 17, p. 9 n. 6)(emphasis added).  The ALJ's decision simply does not say what the Commissioner represents that it says.  (See R. 25, ¶ 8).  The ALJ does not mention the DOT, nor does he "note" that Anderson's "summary contained the *Dictionary of Occupational Titles* description" for plaintiff's past work.  (See id.).  Instead, the ALJ appears

---

[6]  See <u>Dixon v. Astrue</u>, 312 Fed. Appx. 226, 229 (11th Cir. 2009)(The court "'may not supply a reasoned basis for [an] agency's action that the agency itself has not given.'")(quoting <u>Zahnd v. Secretary, Dept. of Agriculture</u>, 479 F.3d 767, 773 (11th Cir.2007)).

to rely directly on the conclusion expressed in Anderson's Vocational Rationale Form in which – as plaintiff observes – Anderson compared the exertional requirements of the cashier job as described in the DOT with the exertional limitations expressed in the physical RFC form that Anderson completed on January 29, 2008.  (Doc. # 14, p. 13;  R. 151 (finding that "[t]he limitations outlined in RFC/MRFC **dated <u>01/29/2008</u>** are consistent with the physical/mental requirements of the claimant's past relevant work[.]")(emphasis added)).[7]

### CONCLUSION

Because the ALJ erred in assessing plaintiff's residual functional capacity, the Commissioner's decision is due to be REVERSED, and this action REMANDED to the Commissioner for further administrative proceedings. A separate judgment will be entered.

DONE, this 24th day of September, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[7] Anderson's physical RFC form is dated January 29, 2008 (see Exhibit 20F); the mental RFC form completed by Dr. Ravello is dated January 23, 2008 (see Exhibit 19F).  Anderson cites only the former.